## Mudge *versus* Williamsport.

Act of March 22d 1870 provided that the auditors of Williamsport should audit, &c., the accounts of the city treasurer, and report to the city council, and should have the same authority as county auditors have. The Act of April 15th 1834, provides that the county auditors' report should be filed in the Common Pleas and have the effect of a judgment against the real estate of the officer. *Held*, that there was no authority to file the city auditors' report in the Common Pleas ; and filing the report there had not the effect of a judgment.

March 22d 1875.   Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Woodward, JJ.

Error to the Court of Common Pleas of *Lycoming county:* Of January Term 1874, Nos. 241, 242.

The proceedings in this case arose upon the account of Hiram Mudge, treasurer of the city of Williamsport, which was incorporated January 14th 1866.

The 29th section of an Act passed March 22d 1870, Pamph. L. 525, appointed three persons named in it, city auditors, any two of whom should be a quorum, to audit, &c., the accounts of the city treasurer, &c., " and make report thereof to the city council, with a statement of the balance due from or to said treasurer, &c., and once in every year cause to be published, &c., a just and true account of all the moneys which shall have accrued to the city during the year, and also the disposition thereof, * * * and the said auditors shall have the same authorities that county auditors now have by law ;" * * * the auditors named to hold their office until the next city election, when their places were to be supplied by a new election.

By the Act of April 15th 1834, sect. 55, Pamph. L. 547, 1 Br. Purd. 301, pl. 16, it is enacted, that :—

" The report of the county auditors shall be filed among the records of the Court of Common Pleas of the respective counties, and, from the time of being filed, shall have the effect of a judgment against the real estate of the officer who shall thereby appear to be indebted either to the Commonwealth or to the county."

Section 56 of the same act gives the county or the officer, on whose accounts the report is made, an appeal from the report to the Court of Common Pleas, and the court is authorized to direct an issue to try the same.

A majority of the auditors, on the 1st of April 1872, made a settlement of the account of Mudge, as city treasurer, by which there appeared to be in his hands a balance of $58,303, and on the 11th of May 1872, they made report of the settlement, and the city asked the Court of Common Pleas that the report might be filed amongst the records of that court, under the provisions of the 29th section of the Act of March 22d 1870, and of the 55th section of the Act of April 15th 1834.   Mudge objected to filing

the report, denying that there was any authority by law to file it. On the 18th of May 1872, the court granted leave to the city to file the report of the auditors under the provisions of the Acts of 1834 and 1870 above mentioned, "to have such effect as fixed and provided by said Acts of Assembly."

On the 12th of June 1872, the defendant appealed from the report to the Court of Common Pleas of Lycoming county.

The court directed a feigned issue, "wherein the city of Williamsport shall be plaintiff, and Hiram Mudge, defendant, to determine whether the amount, found by the auditors of the city of Williamsport, to be due from the said defendant, as treasurer of said city, is more or less than is legally due from said defendant to said plaintiff, and what amount, if any, is due from defendant to plaintiff, on his account as treasurer of said city. *Narr.* to be filed, &c., plaintiff to give twenty days' notice before court to defendant, of items and the character thereof, with which they propose to charge defendant, in addition to the amount found to be due by the auditors, and the defendant to serve same notice on plaintiff, of items and character thereof, which he claims should be credited to him in said account, and which were rejected by the auditors."

The case was tried, November 28th 1873, before Gamble, P. J.

The plaintiff offered in evidence the report of the auditors before stated, for the purpose of showing the indebtedness of the defendant. The defendant objected to the offer, on the grounds that, in directing the issue, the court was not authorized to make any order which would dispense with making out the plaintiff's case by competent and legal testimony; the finding of the auditors is not evidence against the defendant; and being an issue in pursuance of an appeal, the plaintiff's case must be established *de novo.*

The offer was admitted, and a bill of exceptions sealed. The report was then given in evidence.

Much evidence was offered, and, under objection and exception, some was received and some rejected; the grounds upon which the Supreme Court decided the case render it unnecessary to refer to it further.

Under the direction of the court the jury found for the plaintiff for $63,304.33.

The defendant sued out two writs of error, one from the appeal and the other from the feigned issue.

He assigned fourteen errors.

1. Admitting in evidence the report of the auditors

13. The order directing the filing of the report.

15. The order directing the feigned issue.

*S. Linn* (with whom was *W. H. Armstrong*), for plaintiff in error, cited and discussed the Acts of 1834 and 1870. The de-

[Mudge *v.* Williamsport.]

cision of county auditors is conclusive, and cannot be inquired into except as provided for on appeal : Blackmore *v.* Allegheny, 1 P. F. Smith 163 ; no such conclusiveness can be attributed by implication to city councils. Liens are not to be implied : Hepburn *v.* Snyder, 3 Barr 78. The court could direct only the form in which the issue should be found, but could not make any further order in relation to it : Richter *v.* Penn Township, 9 Barr 79 ; Brown *v.* Commonwealth, 2 Rawle 40 ; Marston *v.* Brackett, 9 N. H. 336.

*S. T. McCormick* and *R. P. Allen* (with whom were *J. C. Hill* and *H. C. Parsons*), for defendant in error : cited and discussed the same Acts of Assembly ; also, Burns *v.* Clarion Co., 12 P. F. Smith 426.

Mr. Justice PAXSON delivered the opinion of the Court, March 29th 1875.

The radical error underlying these entire proceedings was the filing of the report of the auditors in the Court of Common Pleas. The 29th sect. of the Act of 22d of March 1870 (Pamph. L. 535), entitled "A further Supplement to an Act entitled 'An Act to incorporate the city of Williamsport,'" which is relied upon to sustain the action of the auditors, provides that they shall "audit, settle and adjust the accounts of the city treasurer, school directors and overseers of the poor of the said city, and make report thereof to the city council," &c. The 48th sect. of the Act of 1834, Pamph. L. 547, relating to county auditors, provides that said auditors shall make report to the Court of Common Pleas of said county, and by the 55th sect. of said Act it is further provided that the report of the auditors shall be filed among the records of the Court of Common Pleas of the respective county, and from the time of being filed shall have the effect of a judgment against the real estate of the officer who shall thereby appear to be indebted, either to the Commonwealth or to the county." The subsequent sections of the Act of 1834 provide for an appeal from the report of the auditor to the Court of Common Pleas ; designate the time within which such appeal may be entered, and the terms upon which it shall be allowed, with authority to the court to direct a feigned issue to ascertain, by the verdict of a jury, the indebtedness of such officer. The supplement to the charter of the city of Williamsport, above cited, contains none of these provisions. It is true, the 29th sect. provides, that "the said auditors shall have the same authority that county auditors now have by law." This is relied upon, by the defendants in error, to justify the action of the auditors in filing their report in the Court of Common Pleas. We do not regard this as the proper construction of said section. This is not a question as to the authority of the auditors, but of the effect of their report. The Act of 1870 is explicit, that such

[Mudge *v.* Williamsport.]

report shall be made to the city council. There is no provision in said act giving to the report, when made, the conclusive effect of a judgment. Nor is it made a lien. This could not well be otherwise, in the absence of any provision giving a right of appeal.

The case comes up upon two writs of error. One to inquire into the right of the auditors to file their report in the Court of Common Pleas; and the other to contest the right of said court to order a feigned issue upon it, and the manner and effect of the trial. We have already seen that the filing of said report in the court below was without authority of law. It follows, necessarily, that all the subsequent proceedings therein are erroneous, and must be reversed. This view of the case renders it unnecessary to notice in detail the numerous assignments of error.

The judgment is reversed upon each writ of error; and it is further ordered that the order of the Court of Common Pleas of Lycoming county, of the 18th of May 1872, authorizing and directing J. W. Hays and A. Nismeyer, a majority of the city auditors of the city of Williamsport, to file their report, as auditors of said city, in the Court of Common Pleas of said county, together with all proceedings in said causes, subsequent to the said order, be reversed and set aside.